[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S OBJECTION TO DEFENDANTS' REQUEST TO REVISE (#110)
I. FACTS CT Page 2834
The plaintiff instituted this action against the defendants on September 16, 1991 seeking to recover $659.88 allegedly due and owing from the defendants for professional services performed by the plaintiff. Plaintiff's original one-count complaint sounds in breach of express contract. The defendants filed an answer and counterclaim seeking costs under Conn. General Statutes Sec.52-99. The plaintiff filed an answer and special defenses to the defendant's counterclaim. On November 18, 1991, the plaintiff amended his original one-count complaint to add paragraphs alleging quantum meruit and unjust enrichment.
The motion presently before the court are the defendants' request to revise the plaintiff's amended complaint and special defenses and the plaintiff's objection thereto.[1]
In their request to revise dated December 5, 1991, the defendants request a more complete or particular statement of the allegations of quantum meruit and unjust enrichment. Conn. Practice Book Sec. 147 provides in part that, "[w]henever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse parties pleadings, . . . the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading."
Upon examination of the plaintiff's amended complaint dated November 18, 1991, the facts as alleged sufficiently apprise the defendants of the basis of the plaintiff's cause of action and his claims of quantum meruit and unjust enrichment. Therefore, it is decided that a more complete a particular statement of the facts is unnecessary. Accordingly, it is found that insofar as the defendants' request to revise seeks a more complete or particular statement of the facts, the plaintiff's objection to the defendants' request to revise should be sustained.
The defendants also seek in their request to revise to have the plaintiff plead the fourth and fifth paragraphs into separate counts because the fourth and fifth paragraphs each allege separate causes of action that are improperly combined into one count. CT Page 2835
Conn. Practice Book Sec. 147 further authorizes the use of a request to revise where a party seeks "separation of causes of action which may be united in one complaint when they are improperly combined in one count. . .".
Upon examination of the plaintiff's amended complaint, it is decided that the fourth and fifth paragraphs each allege separate causes of action that should be plead in separate counts. Accordingly, it is found that insofar as the defendants' request to revise seeks to have the plaintiff's complaint pled in separate counts, the plaintiff's objection to the defendants' request to revise should be overruled.
The defendants also seek to have the plaintiff's special defenses to their counterclaim deleted because they are unnecessary, scandalous, impertinent, immaterial and improper allegations. In his five special defenses, the plaintiff asserts: that the defendants' cause of action is not made in good faith because the defendants know it is groundless and because the defendants are bringing the counterclaim to harass the plaintiff; (2) that the defendants are bringing the counterclaim for the purpose of "building up attorney's fees"; (3) that the defendants intend to withdraw their counterclaim; (4) that the defendants have not acted in good faith with respect to their contractual obligations to the plaintiff and (5) the defendants are attempting to incur attorney's fees "for the intended purpose of unjustly enriching defendants' retained attorneys and certain employees of defendant Cigna Property and Casualty Co. who hire such attorneys and law firms."
Conn. Practice Book Sec. 147 also authorizes the use of a request to revise "whenever any party desires to obtain. . . (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in any adverse party's pleading;. . .".
Conn. Practice Book Sec. 164, which is entitled "The Answer — Denials; special defense," provides in part, "[n]o facts may be proved under either a general or special denial except such as shown that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. . . .".
Upon review of the plaintiff's special defenses, such defenses do not defeat the defendant's counterclaim as required by Conn. Practice Book Sec. 164 and that they are therefore improper. It is further decided that the CT Page 2836 plaintiff's special defenses contain allegations that are unnecessary, scandalous, impertinent and immaterial. Accordingly, it is found that the plaintiff's objection to the defendants' request to revise the plaintiff's special defenses should be overruled.
II. CONCLUSION
For the reasons herein stated, it is concluded that the plaintiff's objection to the defendants' request to revise ought to be and are hereby overruled insofar as the defendants' request seeks to have the plaintiff's complaint pled in separate counts, and to have the plaintiff's special defenses deleted.
It is so ordered.
ARENA, JUDGE